IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

ABRAHAM KLEINMAN, individually and derivatively on behalf of SBRM GROUP, LLC,

    Plaintiff,

v.

SHLOME RUBENSTEIN

    Defendant.

## COMPLAINT

ABRAHAM KLEINMAN, individually and derivatively on behalf of SBRM GROUP, LLC, by and through his attorneys, JONATHAN LUBIN, hereby Complains of SHLOME RUBENSTEIN, stating:

1. This civil action seeks an accounting and damages from Defendant, Shlome Rubenstein, for a violation of the latter's fiduciary duty to SBRM Group that took place when Rubenstein transferred properties owned by SBRM Group to a different entity for no consideration.

### PARTIES JURISIDICTION AND VENUE

2. SBRM Group, LLC is a limited liability company organized under the laws of the State of Illinois. It has two members, each of whom has a 50% interest in the LLC.

3. Abraham Kleinman lives in Miami Beach, Florida, and is one of the members of SBRM Group, LLC.

4. Shlome Rubenstein lives in Brooklyn, New York, and is the other member of SBRM Group, LLC.

5. At all times relevant to this Complaint, Rubenstein was the manager of the LLC.

6. This action pertains to the transfer of several pieces of real property out of the LLC without consideration, the value of which exceed $75,000.00.

7. The properties in question were all located in Champaign County, Illinois.

8. Jurisdiction in federal court is therefore proper under 28 U.S.C. § 1332(a) because the parties reside in different states, and the amount in controversy exceeds $75,000.00.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to a claim occurred in Champaign County, Illinois, and a substantial part of the property that is the subject of the action is situated in Champaign County, Illinois.

### Facts Common to All Counts

10. The LLC in question was formed in December, 2022. The purpose of the LLC was to own rental property in Champaign, Illinois.

11. Kleinman became a member of the LLC in December, 2023.

12. At that time, Kleinman invested over $200,000 into the LLC to aid the LLC in making payments on the rental properties in question.

13. Those rental properties included 1302 Silver Street, Urbana, Illinois, 1304 Silver Street, Urbana, Illinois, 1305 Silver Street, Urbana, Illinois, 1401 Silver Street, Urbana, Illinois, 2017 Philo Road, Urbana, Illinois, and 2018 Fletcher Street, Urbana, Illinois.

14. Subsequently, Rubenstein deeded these properties out of SBRM Group, LLC, and paid no consideration to SBRM Group, LLC.

15. The whole value of SBRM Group is in these rental properties. The effect of deeding these properties out of SBRM Group was to render the LLC functionally worthless.

16. Plaintiff has attempted to communicate with Rubenstein regarding these acts and has not been successful.

17. At all times, Rubenstein had a duty of care to SBRM and to its members, including Kleinman.

18. There is no good cause, pursuant to the business judgment rule, for Rubenstein to deed properties out of SBRM for no consideration.

19. Doing so constitutes a breach of Rubenstein's fiduciary duty to SBRM Group, LLC and to its members.

### Count I – Accounting

20. Plaintiff requested an accounting of the assets of SBRM Group, LLC and has been refused.

21. Based upon the circumstances, an accounting is necessary in order to determine where the assets of the LLC are located and to make the parties whole.

WHEREFORE, Plaintiff requests that this Honorable Court Order an Accounting to take place, and Order Defendant to deed any properties that have been deeded out of SBRM Group, LLC to be deeded back into SBRM Group, LLC, or whatever other relief this Court deems just and equitable.

### Count II – Constructive Trust

22. The parties can only be made whole if the properties that were deeded out of SBRM Group, LLC are deeded back into the LLC under a constructive trust, to prevent further diminution of the value of the LLC from taking place.

WHEREFORE, Plaintiff requests that this Court place the properties deeded out of SBRM Group, LLC into a constructive trust, along with any other property of SBRM Group, LLC (including proceeds from the sale of any of the properties), and any other relief that this Court deems just and equitable.

### Count III – Breach of Fiduciary Duty

WHEREFORE, Plaintiff requests that this Court enter an Order finding that Defendant has breached a fiduciary duty to SBRM Group, LLC and its members, award whatever damages are necessary to make the parties whole, and award whatever other damages that this Court deems just and equitable.

### Count IV – Breach of Quasi-Contract/Promissory Estoppel
### Plead by Kleinman only in the alternative

23. Alternatively, the money that Kleinman paid Rubenstein was paid in order to aid him to make payments on the subject properties, and therefore was a kind of a loan.

24. In the event that it is impossible to make the LLC whole either through requiring Rubenstein to transfer the properties back to SBRM Group, LLC, or by paying their value to SBRM Group, LLC, so that it can be divided among the members equitably, Kleinman asks this Court to treat the payment of over $200,000 as a loan to Rubenstein, and seeks a judgment against Rubenstein for the amount of the loan, plus any interest accrued.

WHEREFORE, Plaintiff requests that this Court find Rubenstein in breach of a quasi-contract, or promissory estoppel, and award whatever damages are necessary to make Plaintiff Kleinman whole, including interest, and any other relief that this court deems just and equitable.

Respectfully Submitted,

s/Jonathan Lubin
Attorney for Plaintiff

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com