IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

ABRAHAM KLEINMAN, individually
and derivatively on behalf of SBRM
GROUP, LLC,

    Plaintiff,

v.

SHLOME RUBENSTEIN,

    Defendant.

Case No. 2:24-cv-02279

### DEFENDANT'S ANSWER, COUNTERCLAIMS, AND JURY DEMAND

NOW COMES Defendant, Shlome Rubenstein ("Rubenstein" or "Defendant"), by and through counsel, and hereby answers the Complaint filed by Plaintiff Abraham Kleinman ("Kleinman" or "Plaintiff") as follows:

### NATURE OF CASE

1. This civil action seeks an accounting and damages from Defendant, Shlome Rubenstein, for a violation of the latter's fiduciary duty to SBRM Group that took place when Rubenstein transferred properties owned by SBRM Group to a different entity for no consideration.

   **ANSWER:** Rubenstein denies the allegations as they pertain to Defendant.

### PARTIES JURISIDICTION AND VENUE

2. SBRM Group, LLC is a limited liability company organized under the laws of the State of Illinois. It has two members, each of whom has a 50% interest in the LLC.

   **ANSWER:** Defendant admits that SBRM Group, LLC ("LLC") is a limited liability company organized under the laws of the State of Illinois but denies the remainder of the allegations of this paragraph.

3. Abraham Kleinman lives in Miami Beach, Florida, and is one of the members of SBRM Group, LLC.

   **ANSWER:** Defendant denies that Plaintiff is a resident of Florida. Upon information and belief, Plaintiff is a resident of the State of New York.

4. Shlome Rubenstein lives in Brooklyn, New York, and is the other member of SBRM Group, LLC.

   **ANSWER:** Admitted only to the extent that Defendant resides in Brooklyn, New York. However, Defendant denies that there is "any other" member of SBRM Group LLC other than Defendant.

5. At all times relevant to this Complaint, Rubenstein was the manager of the LLC.

   **ANSWER:** Admitted.

6. This action pertains to the transfer of several pieces of real property out of the LLC without consideration, the value of which exceed $75,000.00.

   **ANSWER**: Rubenstein lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies same.

7. The properties in question were all located in Champaign County, Illinois.

   **ANSWER:** Admitted.

8. Jurisdiction in federal court is therefore proper under 28 U.S.C. § 1332(a) because the parties reside in different states, and the amount in controversy exceeds $75,000.00.

   **ANSWER:** Rubenstein denies that this Court has subject matter jurisdiction over this action. The plaintiff asserts jurisdiction under 28 U.S.C. § 1332(a), claiming diversity of citizenship and an amount in controversy exceeding $75,000. However, both the plaintiff, acting individually and derivatively on behalf of SBRM Group, LLC, and the defendant are domiciled in New York. Because complete diversity does not exist, this Court lacks subject matter jurisdiction.

   Furthermore, even if plaintiff is not a New York Domicile, for jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity between the parties. Plaintiff brings this action derivatively on behalf of SBRM Group, LLC, an Illinois limited liability company. Under established principles of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of its members. Since one of the LLC members, Rubenstein, shares the same domicile (New York) as the defendant, diversity is destroyed.

    Furthermore, the Complaint alleges no federal statutory or constitutional issue to invoke federal question jurisdiction under 28 U.S.C. § 1331.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to a claim occurred in Champaign County, Illinois, and a substantial part of the property that is the subject of the action is situated in Champaign County, Illinois.

    **ANSWER:** Rubenstein denies that venue is proper in the Central District of Illinois, Urbana Division, as the events giving rise to the claims did not occur within this district. The proper venue for this action, if any, is Rockland County, New York, where the substantial dealings between the parties occurred.

### Facts Common to All Counts

10. The LLC in question was formed in December, 2022. The purpose of the LLC was to own rental property in Champaign, Illinois.

    **ANSWER:** Admitted.

11. Kleinman became a member of the LLC in December, 2023.

    **ANSWER:** Denied. Kleinman was never a member of the LLC.

12. At that time, Kleinman invested over $200,000 into the LLC to aid the LLC in making payments on the rental properties in question.

    **ANSWER:** Denied, Kleinman never invested money in the LLC nor did Kleinman ever render any such amount to LLC.

13. Those rental properties included 1302 Silver Street, Urbana, Illinois, 1304 Silver Street, Urbana, Illinois, 1305 Silver Street, Urbana, Illinois, 1401 Silver Street, Urbana, Illinois, 2017 Philo Road, Urbana, Illinois, and 2018 Fletcher Street, Urbana, Illinois.

    **ANSWER:** Denied, Kleinman never invested money in the LLC nor did Kleinman ever render any such amount to LLC involving the aforesaid properties.

14. Subsequently, Rubenstein deeded these properties out of SBRM Group, LLC, and paid no consideration to SBRM Group, LLC.

**ANSWER:** Denied

15. The whole value of SBRM Group is in these rental properties. The effect of deeding these properties out of SBRM Group was to render the LLC functionally worthless.

    **ANSWER:** Denied.

16. Plaintiff has attempted to communicate with Rubenstein regarding these acts and has not been successful.

    **ANSWER:** Denied.

17. At all times, Rubenstein had a duty of care to SBRM and to its members, including Kleinman.

    **ANSWER:** Denied.

18. There is no good cause, pursuant to the business judgment rule, for Rubenstein to deed properties out of SBRM for no consideration.

    **ANSWER:** Denied.

19. Doing so constitutes a breach of Rubenstein's fiduciary duty to SBRM Group, LLC and to its members.

    **ANSWER:** Denied.

## Count I – Accounting

20. Plaintiff requested an accounting of the assets of SBRM Group, LLC and has been refused.

    **ANSWER:** Denied.

21. Based upon the circumstances, an accounting is necessary in order to determine where the assets of the LLC are located and to make the parties whole.

    **ANSWER:** Denied

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint and grant such other and further relief as the Court deems just and proper.

### Count II – Constructive Trust

22. The parties can only be made whole if the properties that were deeded out of SBRM Group, LLC are deeded back into the LLC under a constructive trust, to prevent further diminution of the value of the LLC from taking place.

    **ANSWER:** Denied.

    WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint and grant such other and further relief as the Court deems just and proper.

### Count III – Breach of Fiduciary Duty

Defendant makes no response to Count III because Plaintiff does not make any allegations against Defendant in this Count.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint and grant such other and further relief as the Court deems just and proper.

### Count IV – Breach of Quasi-Contract/Promissory Estoppel Plead by Kleinman only in the alternative

23. Alternatively, the money that Kleinman paid Rubenstein was paid in order to aid him to make payments on the subject properties, and therefore was a kind of a loan.

    **ANSWER:** Denied.

24. In the event that it is impossible to make the LLC whole either through requiring Rubenstein to transfer the properties back to SBRM Group, LLC, or by paying their value to SBRM Group, LLC, so that it can be divided among the members equitably, Kleinman asks this Court to treat the payment of over $200,000 as a loan to Rubenstein, and seeks a judgment against Rubenstein for the amount of the loan, plus any interest accrued.

**ANSWER:** Denied

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint and grant such other and further relief as the Court deems just and proper.

### Jury Demand

Defendant demands trial by jury of all issues properly triable thereto.

### Prayer for Relief

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint and grant such other and further relief as the Court deems just and proper.

    DREYER, FOOTE, STREIT,
    FURGASON & SLOCUM, P.A.

    MENASHE & LAPA LLP

    By /s/ Solomon Neuwirth
       Attorneys for Defendant

Michael W. Huseman
ARDC# 06280259
DREYER, FOOTE, STREIT,
FURGASON & SLOCUM, P.A.
1999 West Downer Place
Aurora, Illinois 60506
(630) 897-8764
mhuseman@dreyerfoote.com

Solomon Neuwirth
MENASHE & LAPA LLP
400 Rella Blvd
Montebello, NY 10901
(845) 520-9220
solomon@melalaw.com
(Pending pro hac vice admission)

## **CERTIFICATE OF SERVICE**

I certify that on this 6th day of January 2025, service of the foregoing document was made upon the parties and attorneys of record and those entitled to receive notice via ECF.

Respectfully submitted,

By: /s/ Michael W. Huseman


Michael W. Huseman
ARDC# 06280259
DREYER, FOOTE, STREIT,
FURGASON & SLOCUM, P.A.
1999 West Downer Place
Aurora, Illinois 60506
(630) 897-8764
mhuseman@dreyerfoote.com